# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 9:20-cv-80761

NICOLE CENAT,

      Plaintiff,

vs.

CENLAR, FSB,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICOLE CENAT (hereinafter "Plaintiff"), hereby files his Complaint against Defendant, CENLAR, FSB ("Defendant" or "Cenlar"), and alleges:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA, and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA, Section 1024.35 and 1024.41 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Venue in this District is proper because Plaintiff resides in Palm Beach County, Florida and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto, Defendant Cenlar was and is a New Jersey corporation with its corporate office at 425 Phillips Blvd., Ewing, NJ, 08618.

9. At all times material hereto, Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the Plaintiff's residential property, located at 1003 Springdale Circle, 100-C, Lake Palm Springs, Florida 33461 (the "Subject Property").

10. At all times material hereto, Plaintiff owned and continues to own the subject property, which is located in Palm Beach County, Florida.

11. The Subject Property is a residential single-family home structure.

12. At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

13. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as account number ******3562.

## BACKGROUND AND GENERAL ALLEGATIONS

14. On or about October 13, 2006, Plaintiff entered into a promissory note agreement with Argent Mortgage Company, LLC (the "Note") for what he intended to be her primary residence. The Note was secured by a mortgage on the subject property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

15. Subsequent to the creation of the underlying Loan, Defendant Cenlar began servicing the mortgage.

16. On or about January 15, 2020, a loss mitigation application ("LMP") was submitted on behalf of Plaintiff to Defendant. *See* Fax Confirmation attached hereto as **Exhibit "A"**.

17. Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), Defendant was required to provide a written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether the mortgage servicer determined said application to be complete or incomplete. If the mortgage servicer deemed the LMP incomplete, the mortgage servicer is required to state in the written notice the additional documents and information that must be submitted to make the LMP complete and a date within which to submit said documents and information. Despite the mandates of 12 C.F.R. § 1024.41(b)(2)(i)(B), Defendant failed to respond.

18. Defendant was also required to provide a written notice stating which loss mitigation options, if any, the Defendant would offer Plaintiff within thirty (30) days after the application was considered "complete." Again, Defendant failed to respond despite being required to do so pursuant to 12 C.F.R. § 1024.41(c)(1).

19. Receiving no response, on February 17, 2020 Plaintiff sent Defendant a Notice of Loss Mitigation Application Response Not Received (the "NOE") in advance of litigation, a true and correct copy of which is attached hereto as **Exhibit "B"**.

20.     To date, Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that no written notice was provided within five (5) business days of receipt of the LMP acknowledging receipt of same and advising whether a determination was made that said application was complete or incomplete.

21.     To date, Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(c), in that no written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, will be offered to Plaintiff.

22.     Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") as counsel and Jenkins Lorenzo, LLC ("Jenkins Lorenzo") as co-counsel for legal representation in this action and has agreed to pay a reasonable attorney's fee.

## DAMAGES

23.     Plaintiff has been injured and suffered actual damages by virtue of Defendant's repeated violations of those legal rights and protections which Congress provided to Plaintiff and other consumers like him. The threshold of Defendant's violations stem from repeated failures to respond to the LMP submitted for Plaintiff. Plaintiff's injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, Plaintiff's procedural rights under RESPA were violated by not providing a response to the LMP despite additional notice of same via the NOE.

24.     Plaintiff is entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's NOE; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to

send additional correspondences due to Defendant's failure to adequately respond to Plaintiff's LMP, which includes the Notice of Error.

25. Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing her property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address Plaintiff's concerns relating to her mortgage, while simultaneously pursuing a state court foreclosure.

26. Plaintiff is entitled to statutory damages, as well as the costs of this action, together with a reasonable attorney's fee as determined by the court and pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 above.

28. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>   A servicer of a federally related mortgage shall not--
>   …
>   **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>   …
>   **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

29. Section 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce

such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

30. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

31. Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that no written notice was provided to Plaintiff within five (5) business days of receipt of the LMP acknowledging receipt of same and whether said application was determined to be complete or incomplete.

32. As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(C) and § 2605(k)(1)(E).

33. As a result of the above violations, Plaintiff is entitled to recovery for actual and statutory damages.

## COUNT II – VIOLATION OF 12 U.S.C. § 2605(k)

34. Plaintiffs reallege and incorporate by reference paragraphs 1 through 26 above.

35. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>    A servicer of a federally related mortgage shall not-
>    …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>    …

>    **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>
>    12 U.S.C. § 2605(k)(emphasis added)

36. Section 1024.35 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, fn. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 implements Section 6(k)(1)(C)).

37. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(C), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

38. Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(c)(1) in that no written notice was provided to Plaintiff within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, would be offered to Plaintiff.

39. As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(C) and § 2605(k)(1)(E).

40. As a result of the above violations, Plaintiff is entitled to recovery for actual and statutory damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff NICOLE CENAT respectfully requests that this Honorable Court enter an order granting judgment for the following:

(a) That the Defendant be required to provide a written notice and determination in compliance with 12 C.F.R. § 1024.41(c)(1);

(b) For actual damages, statutory damages, costs and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff NICOLE CENAT hereby demands a trial by jury of all issues so triable.

Dated this 11th day of May 2020.

Respectfully Submitted,

        **JENKINS LORENZO, LLC**
        *Co-Counsel for Plaintiff*
        18851 NE 29th Avenue, Ste. 700
        Aventura, Florida 33180
        Tel: (305) 456-1450

        By: */s/ Chase E. Jenkins, Esq.*
            Chase E. Jenkins, Esq.
            Florida Bar No. 94261
            cjenkins@jenkinslorenzo.com
            Jorge "J.D." Lorenzo, Esq.
            Florida Bar No. 81702
            jlorenzo@jenkinslorenzo.com

        */s/ Laura Hoy Chebat*
        Laura Hoy Chebat, Esq.
        Florida Bar No. 59025
        LOAN LAWYERS, LLC
        *Co-Counsel for Plaintiff*
        3201 Griffin Road, Suite 100
        Fort Lauderdale, FL 33312
        Telephone: (954) 523-4357
        laura@fight13.com

# Exhibit "A"

# Send Result Report

MFP
TASKalfa 4003i
Firmware Version 2VK_S000.001.322 2019.09.24

RFX8Z00600
01/15/2020 10:37
[2VK_1000.001.201] [2ND_1100.001.007]

Job No.: 000577    Total Time: 0°22'59"    Page: 069

# Complete

Document:    doc00057720200115101303



# LOAN LAWYERS
Your Total Debt Solution Law Firm

*Main Office:*
3201 Griffin Road, Suite 100
Fort Lauderdale, FL 33312
Telephone: (954)-523-HELP (4357)
Facsimile: (954) 581-2786

www.Fight13.com

January 15, 2020

TO: Cenlar    FAX: 1-609-538-4005

FROM: Tiffani Johnson - Loan Lawyers    DATE: 1/15/2020

RE: Cenat, Nicole  Acct# ████3562  Loss Mitigation Department

We are requesting that you review the above referenced client for a loan modification. Please see the attached documents.

| No. | Date/Time | Destination | Times | Type | Result | Resolution/ECM |
|---|---|---|---|---|---|---|
| 001 | 01/15/20 10:14 | 16095384005 | 0°22'59" | FAX | OK | 200x100 Normal/On |

1

# Exhibit "B"

B"H



3201 Griffin Road, Suite 100
Ft. Lauderdale, Florida 33312
Telephone: (954) 523-HELP (4357)
Facsimile: (954) 581-2786

www.Fight13.com

February 17, 2020

**<u>VIA CERTIFIED MAIL-RETURN RECEIPT</u>**

Cenlar (RFI/NOE)
PO Box 77423
Ewing, New Jersey. 08628-7423

   Re: **<u>NOTICE Loss Mitigation Application Response NOT RECEIVED.</u>**
       Client:      NICOLE CENAT AND SEMIRANUS CENAT
       Account Number:      3562-6
       Property Address:   1003 Springdale Circle, Lake Worth, FL. 33461

Dear Sir or Madam:

*Please make sure that all correspondence regarding the above-referenced loan is addressed to my Fort Lauderdale office.*

On 01/15/2020 a loss mitigation application was submitted to CENLAR FSB on behalf of the above-referenced client. Please be advised that pursuant to 12 C.F.R. § 1024.41(c)(1)(ii), you were required to send a written response to the loss mitigation application stating your determination of which loss mitigation options, if any, you will offer to my client. To date, no such response letter has been received.

As a direct result of your failure to comply with RESPA Section 12 C.F.R. § 1024.41(c)(1)(ii) we have been forced to send you this letter via certified mail. As I am sure you can imagine it is critical that my client be informed what loss mitigations are available to them and which loss mitigations option they have been offered. As you know, my clients are eager to save their home and have worked hard to put together all of the documents needed for the loss mitigation application.

Although not required, we will afford you a reasonable amount of time to comply with RESPA Section 12 C.F.R. §1024.41(c)(1)(ii). Therefore, you are being provided an additional 7 days to comply with Regulation X before we take legal action for your failure to comply with §1024.41(c)(1)(ii). In the event that you still need additional time, kindly notify us in writing, before the expiration of the additional 7 days, providing the basis for your request for the extension and we may supply some additional time to provide the written response of the loss mitigation

application in accordance with 12 C.F.R. § 1024.41(c)(1)(ii). Again this letter, which is being sent solely due to your failure to comply with RESPA Section 12 C.F.R. § 1024.41(c)(1)(ii), is meant to remind you of your obligations under Regulation X in the hopes that you will comply within timeframe we have provided.

Please further note that if you continue to violate Regulation X Section 12 C.F.R. § 1024.41(c)(1)(ii) you may be subject to legal action **_without further notice_**. In the event you believe that there is an agreement that my client must give you notice and opportunity to cure, please allow this letter to serve as the same.

In accordance with the Rules Regulating the Florida Bar, Rule 4-4.2, I am copying your counsel on this correspondence.

Sincerely,

_/s/ Laura Hoy, Esq_

Laura Hoy, Esq.

*rev. 6/16*